UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER MCLAUGHLIN,

    Petitioner,                                          Civil Action No.
                                                            04-CV-74268-DT

vs.

                                                             HON. BERNARD A. FRIEDMAN

PAUL M. RENICO,

    Respondent.

_____/

**OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION OVER PETITIONER'S OBJECTIONS**

        This matter is presently before the court on petitioner's objections to Magistrate Judge Steven D. Pepe's October 4, 2006, Report and Recommendation, which recommends denial of this habeas petition. The court reviews *de novo* those portions of a report and recommendation as to which specific and timely objection has been made. *See* 28 U.S.C. § 636(b). For the reasons stated below, the court overrules petitioner's objections and accepts and adopts Magistrate Pepe's Report and Recommendation.

        Petitioner's first claim is based on alleged prosecutorial misconduct. The magistrate judge reviewed this claim thoroughly and explained in detail why the claim fails. Petitioner's objection – that "the Michigan Court of Appeals could have corrected the error, even if the issue was not objected to by trial counsel" – is nonsensical and insufficiently specific. *See Fields v. Lapeer 71-A District Court Clerk*, 2 Fed. Appx. 481, 483 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object"). Further, the court agrees with the magistrate judge that petitioner has

not shown any prosecutorial misconduct sufficient to entitle him to habeas relief. This objection is overruled.

Petitioner's second claim is based on the alleged denial of his right to a speedy trial. The magistrate judge correctly recommends that this claim be rejected because (1) insofar as the claim is based on state law, it is not cognizable, and (2) insofar as the claim is based on federal constitutional law, petitioner failed to demonstrate any prejudice. Petitioner does not specifically object to the magistrate judge's reasoning, nor does he explain why the 185-day period between his arrest and trial is presumptively prejudicial when the Sixth Circuit, in the cases cited by the magistrate judge, found longer delays not to be so. This objection is overruled.

Petitioner's third claim is based on various trial court rulings which petitioner alleges were erroneous. The magistrate judge analyzed every such ruling in detail and concluded that petitioner failed to demonstrate any errors of federal constitutional magnitude. Petitioner's objection is incomprehensible: "[T]he testimony of Shelly Geiman should not have been allowed due to her status as a witness to the victims injuries not expert testimony, it can not be cured to assume this was not prejudice to petitioner when the jury determine his faith." Assuming petitioner is reasserting his argument that Shelly Geiman should not have been permitted to testify because the prosecutor did not list her as an expert witness, the magistrate judge correctly disposed of the argument on the same grounds as did the Michigan Court of Appeals – namely, that Geiman did not testify as an expert, but as a lay witness. This objection is overruled.

Petitioner's fourth claim is that the trial court gave the jury an improper instruction. The magistrate judge correctly noted that petitioner must show the instruction rendered the trial fundamentally unfair, and that the instruction in the present case did not do so. Petitioner's

2

objection does not explain any error in the magistrate's reasoning, but asserts without explanation that "Petitioner was deprived of a fundamental right to present a defense suitable to the charges brought against him." The court agrees with the magistrate judge's analysis and overrules petitioner's objection.

Petitioner's fifth claim is that his sentence (9 to 25 years for first degree criminal sexual conduct) was unconstitutionally severe. Yet as the magistrate noted, petitioner's sentence was at the low end of the sentencing guidelines, and petitioner has failed to cite any case authority supporting this claim. Petitioner does not specifically object to this portion of the report and recommendation but simply "asks this court to review this issue *de Novo*." This is not a proper, specific objection. The court is persuaded that the magistrate judge correctly analyzed this issue and shall overrule petitioner's "objection."

Petitioner's sixth and seventh claims are that the trial court (1) failed to advise him that he could appeal the sentence because the minimum sentence exceeded the sentencing guidelines, and (2) assessed too many points in calculating the sentencing guideline range. The magistrate judge correctly noted that these are state law issues and are not a proper basis for habeas relief. The magistrate judge also explained why the claims fail both as a matter of fact and as a matter of law. Petitioner does not object specifically, but simply "asks this court to review this issue *de Novo.*" As noted above, this is not a proper objection because it does not explain why petitioner believes the magistrate judge's analysis is erroneous. The court finds the magistrate judge's analysis persuasive and rejects the "objection." Accordingly,

IT IS ORDERED that Magistrate Judge Pepe's October 4, 2006, Report and

3

Recommendation is accepted and adopted as the findings and conclusions of the court.

        IT IS FURTHER ORDERED that petitioner's objections are overruled.

        IT IS FURTHER ORDERED that the petition is denied.

                              ____s/Bernard A. Friedman_____
Dated: November 13, 2006                BERNARD A. FRIEDMAN
      Detroit, Michigan                CHIEF UNITED STATES DISTRICT JUDGE

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
     Secretary to Chief Judge Friedman**